IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GAYLEEN COATES,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, INC., a subsidiary of Wells Fargo Bank, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:11-CV-67 TS |

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiff's Motion for Temporary Restraining Order. For the reasons discussed below, the Court will grant in part and deny in part the Motion to Dismiss and will deny the Motion for Temporary Restraining Order.

I. STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this Motion.

1

On February 6, 2008, Plaintiff obtained a home loan from Graystone Mortgage, LLC, on her home in Riverton, Utah. Plaintiff's father was a co-signer on the loan. Defendant purchased the home loan and assumed the rights and obligations of servicing the loan.

Plaintiff's father died on August 22, 2009. In September 2009, Plaintiff incurred significant medical bills. Plaintiff contacted Defendant and informed them of her temporary financial hardship. Defendant requested Plaintiff send them a death certificate, which she did.

Defendant agreed to temporarily modify Plaintiff's loan and advised Plaintiff to send partial payments. Such partial payments would be credited to her account. Plaintiff agreed to this modification and, thereafter, sent Defendant partial payments as agreed. Defendant, however, failed to apply the payments to Plaintiff's account and, instead, assessed penalties and late fees and applied the partial payments to the penalties and late fees. As a result of Defendant's misapplication of Plaintiff's payments, Defendant placed Plaintiff's loan into default status and began foreclosure proceedings.

Plaintiff's Complaint goes on to make a number of allegations against Defendant, including: misrepresenting its loan modification review process to Plaintiff, requiring Plaintiff to unnecessarily resubmit numerous loan modification packets, and seeking to foreclose on the property while conducting loan modification negotiations.

Plaintiff brings this action alleging breach of contract, breach of the covenant of good faith and fair dealing, and negligence. Defendant has moved to dismiss all of Plaintiff's claims.

II. MOTION TO DISMISS

A. STANDARD

In considering whether a Complaint fails to state a claim upon which relief may be granted, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

B.  DISCUSSION

  1.  *Breach of Contract*

Plaintiff's first claim is for breach of contract. Plaintiff alleges that Defendant agreed to temporarily modify her loan by accepting lesser payments, which would be credited to her account. Plaintiff alleges that she performed under this modification by submitting partial payments, but that Defendant breached by not crediting these payments to her account, placing her account in default, and initiating foreclosure proceedings.

To state a claim for breach of contract under Utah law, Plaintiff must show "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."

Defendant argues that Plaintiff's breach of contract claim fails because it depends on a contract modification that does not exist and would violate the statute of frauds. Defendant's first argument—that the contract modification does not exist—must be rejected. Plaintiff's Complaint sufficiently alleges that the parties agreed to a contract modification and, at this stage, the Court must accept this allegation as true.

Defendant's second argument is that any modification would be barred by the statute of frauds. The statute of frauds requires that a contract creating an interest in real property be in writing.[6] Further, "if an original agreement is within the statute of frauds, a subsequent agreement which modifies the original written agreement must also satisfy the requirements of

---

[6] Utah Code Ann. § 25-5-1.

the statute of frauds to be enforceable."⁷ However, Utah law recognizes an exception to the statute of frauds: "[i]f a party has changed his position by performing an oral modification so that it would be inequitable to permit the other party to found a claim upon the original agreement[,] . . . the modified agreement should be held valid."⁸ "Thus, where there is evidence of part performance under the modified agreement, and where it would be inequitable to permit a party to repudiate the oral modification and seek enforcement of the written contract, the oral agreement may be removed from the statute of frauds and enforced."⁹ The allegations contained in Plaintiff's Complaint clearly place the alleged loan modification within this exception. Therefore, the Court rejects Defendant's argument that the alleged modification is barred by the statute of frauds.

The Court finds that Plaintiff has presented sufficient allegations to survive a motion to dismiss. Plaintiff has alleged that the parties agreed to a loan modification, that she complied with the terms of that modification, that Defendant did not comply with the terms of the modification, and that she has suffered damages as a result. Therefore, Defendant's Motion to Dismiss Plaintiff's breach of contract claim will be denied.

---

⁷*Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 732 (Utah 1985).

⁸*Fisher v. Fisher*, 907 P.2d 1172, 1176 (Utah Ct. App. 1995) (quotation marks and citations omitted) (alterations in original).

⁹*Id*. at 1177.

5

## 2. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's second claim is for breach of the covenant of good faith and fair dealing. Defendant has moved for dismissal of this claim and Plaintiff has failed to respond, thereby conceding this claim. Therefore, it will be dismissed.

## 3. Negligence

To prevail on a negligence claim, Plaintiff must establish four essential elements: (1) that Defendant owed Plaintiff a duty, (2) that Defendant breached that duty, (3) that the breach of duty was the proximate cause of Plaintiff's injury, and (4) that Plaintiff in fact suffered injuries or damages.[10] Defendant argues that Plaintiff's claim for negligence fails as a matter of law. Specifically, Defendant argues that it owed no duty to Plaintiff independent of the relationship established in the Loan Contract, that Plaintiff cannot prove damages because she is not entitled to a loan modification, and Plaintiff's negligence claim is barred by the economic loss rule. The Court finds that Plaintiff has failed to sufficiently allege that Defendant owed her a duty.

Whether a duty exists is a question of law to be determined by the court.[11] "Ordinarily, no fiduciary relationship exists between a bank and its customer."[12] However, a fiduciary relationship may be found "'when one party, having gained the trust and confidence of another exercises extraordinary influence over the other party.'"[13] "There is no invariable rule which

---

[10] *Thurston v. Workers Comp. Fund of Utah*, 83 P.3d 391, 394-95 (Utah Ct. App. 2003).

[11] *DeBry v. Valley Mortgage Co.*, 835 P.2d 1000, 1004 (Utah Ct. App. 1992).

[12] *State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1275 (Utah Ct. App. 1995).

[13] *Id.* (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985)).

determines the existence of a fiduciary relationship, but it is manifest in all the decisions that there must be not only confidence of the one in the other, but there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."[14]

Plaintiff's Complaint fails to sufficiently allege a fiduciary duty between the parties and Plaintiff expressly disclaims she is claiming any such duty exists.[15] Plaintiff, however, argues that Defendant does owe her a duty outside of the Loan Contract, relying on *Arrow Industries, Inc. v. Zions First National Bank*.[16] *Arrow Industries*, however, is a case arising under Uniform Commercial Code Article 4, which applies to "[t]he liability of a bank for action or nonaction with respect to [an instrument or a promise or order to pay money] handled by it for purposes of presentment, payment, or collection."[17] There are no such allegations in this case. As a result, the Court finds that Plaintiff has failed to sufficiently allege a duty and Plaintiff's negligence claim fails.

---

[14]*First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990) (citation omitted).

[15]*See* Docket No. 20 at 4 ("This is not an allegation that Defendant was acting in a fiduciary capacity.").

[16]767 P.2d 935 (Utah 1998).

[17]Utah Code Ann. §§ 70A-4-102(2), -104(1)(i).

### III. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[18] In order for Plaintiff to be entitled to a temporary restraining order or a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[19]

As set forth above, the Court finds that Plaintiff has provided sufficient allegations to withstand a Motion to Dismiss on her breach of contract claim. However, Plaintiff has failed to show a substantial likelihood of success on the merits. Therefore, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction.

### IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 10) is DENIED.

---

[18] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[19] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

DATED   March 30, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge