IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GAYLEEN COATES,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>WELLS FARGO HOME MORTGAGE, INC., a subsidiary of Wells Fargo Bank, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br><br><br>Case No. 2:11-CV-67 TS |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. Plaintiff has not responded to the Motion. For the reasons discussed below, Defendant's Motion will be granted.

I. BACKGROUND

The only remaining claim in this matter is Plaintiff's breach of contract claim.[1] The following allegations are relevant to Plaintiff's breach of contract claim. Defendant agreed to temporarily modify Plaintiff's loan and advised Plaintiff to send partial payments. Such partial

---

[1]Plaintiff's other claims were previously dismissed. Docket No. 24.

payments would be credited to her account. Plaintiff agreed to this modification and, thereafter, sent Defendant partial payments as agreed. Defendant, however, failed to apply the payments to Plaintiff's account and, instead, assessed penalties and late fees and applied the partial payments to the penalties and late fees. As a result of Defendant's misapplication of Plaintiff's payments, Defendant placed Plaintiff's loan into default status and began foreclosure proceedings.

Defendant seeks judgment on this claim arguing that it is barred by the statute of frauds. Plaintiff has not responded to the Motion, but has filed a Notice of Voluntary Dismissal. However, because Defendant has filed an Answer Plaintiff cannot voluntarily dismiss this case without a court order.[2] Therefore, the Court will proceed to consider Defendant's unopposed Motion.

## II. STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[3] The same standard is used when evaluating 12(b)(6) and 12(c) motions.[4] In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiffs must provide "enough facts

---

[2] Fed.R.Civ.P. 41(a).

[3] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[4] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

2

to state a claim to relief that is plausible on its face."[6] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[7] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[8] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

## III. DISCUSSION

Defendant argues that Plaintiff's breach of contract claim is barred by the statute of frauds. The statute of frauds requires that a contract creating an interest in real property be in writing.[10] Further, "if an original agreement is within the statute of frauds, a subsequent agreement which modifies the original written agreement must also satisfy the requirements of the statute of frauds to be enforceable."[11] However, Utah law recognizes an exception to the statute of frauds where there is part performance.

The Court previously found that there were sufficient allegations in the Complaint to withstand Defendant's statute of frauds argument. Defendant argues, however, that there are

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7] *GFF Corp.*, 130 F.3d at 1384.

[8] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] Utah Code Ann. § 25-5-1.

[11] *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 732 (Utah 1985).

3

insufficient allegations in the Complaint to meet the partial performance exception to the statute of frauds.

The part performance exception to the statute of frauds requires the following showing:

> First, the oral contract and its terms must be clear and definite; second, the acts done in performance of the contract must be equally clear and definite; and third, the acts must be in reliance on the contract. Such acts in reliance must be such that a) they would not have been performed had the contract not existed, and b) the failure to perform on the part of the promisor would result in fraud on the performer who relied, since damages would be inadequate.[12]

Evidence of partial performance must be strong and acts of part performance must be elusively referable to the contract.[13] "'If the acts relied on were not done in the execution of the oral contract but can be explained on another ground, they are insufficient to remove the bar of the statute of frauds and the contract is unenforceable.'"[14]

Defendant argues that Plaintiff's Complaint is insufficient because: (1) the allegations fail to clearly and definitely define the terms of the alleged oral contract or the acts taken under such an agreement; and (2) the allegations of part performance are not exclusively referable to the alleged oral agreement. The Court agrees.

Plaintiff's Complaint broadly describes an oral agreement whereby Defendant agreed to accept reduced payments. The Complaint, however, fails to identify the amount of any such payments, the timing of the payments, and the duration of the alleged modification. Without

---

[12]*Randall v. Tracy Collins Trust Co.*, 305 P.2d 480, 484 (Utah 1956).

[13]*Martin v. Scholl*, 678 P.2d 274, 275, 277 (Utah 1983).

[14]*Id*. at 277 (quoting *McDonald v. Barton Bros. Inv. Corp.*, 631 P.2d 851, 853 (Utah 1981).

4

such allegations, the Court finds Plaintiff's Complaint to be deficient. Additionally, the Court finds that Plaintiff's allegations of part performance are not exclusively referable to the alleged oral agreement. Rather, Plaintiff's partial payments can be explained on other grounds, namely Plaintiff's obligations under the original loan agreement. Therefore, the Court finds that Plaintiff's Complaint fails to state a claim for breach of contract because the alleged oral agreement is barred by the statute of frauds and does not come within the partial performance exception.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 31) is GRANTED.  Plaintiff's Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close this case.

DATED   August 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge